UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGENT INSURANCE CO. and GENERAL CASUALTY INSURANCE COMPANY, | |
| Plaintiffs, | No. 4:14-CV-1759 RLW |
| v. | |
| | No. 4:15CV236 RLW |
| INTEGRATED PAIN MANAGEMENT, S.C. and MICHAEL C. ZIMMER, D.C., P.C., | |
| Defendants. | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Allstate Insurance Company's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, In the Alternative, to Stay (ECF No. 4:14-CV-1759 RLW, ECF No. 45-1; No. 4:15CV236 RLW, ECF No. 83).[1]

Allstate filed this motion, asking this Court to determine whether it has subject matter jurisdiction over the third-party claim of Third-Party Plaintiffs Dr. Xia, Integrated Pain Management ("IPM"), S.C., Tian Medical, Inc., and Tian Medical, LLC (collectively, the "Third Party Plaintiffs") against Allstate Insurance Company ("Allstate"). Allstate, a resident of Illinois, is not diverse to IPM. Therefore, the issue before the Court is whether this Court lacks subject-matter jurisdiction over Allstate because of the lack of diversity between those two parties, when the Court would otherwise have supplemental jurisdiction pursuant to 28 U.S.C. §1367(a). (ECF No. 54 at 4-5).

Section 1367(a) sets forth when the Court can exercise supplemental jurisdiction:

---

[1] Allstate Insurance Company's Motion for Preliminary Ruling on Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, In the Alternative, to Stay (4:14-CV-1759 RLW, ECF No. 45) is **GRANTED**, in part.

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Allstate notes that 28 U.S.C. §1367(b) limits the grant of jurisdiction in §1367(a):

> the district courts shall not have supplemental jurisdiction ... over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure ... when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

Allstate relies on *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) to support its contention that this Court lacks subject matter jurisdiction over Allstate. The Supreme Court in *Exxon* noted:

> Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction. The last sentence of § 1367(a) makes it clear that the grant of supplemental jurisdiction extends to claims involving joinder or intervention of additional parties.

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005). The Supreme Court, however, considered whether "the inclusion of a claim or party falling outside the district court's original jurisdiction somehow contaminates every other claim in the complaint, depriving the court of original jurisdiction over any of these claims." *Id.* at 560. The Supreme Court concluded that this "contamination theory" makes "little sense with respect to the amount-in-controversy requirement" but that the contamination theory "can make some sense in the special context of the complete diversity requirement because the presence of nondiverse parties on both sides of a lawsuit eliminates the justification for providing a federal forum." *Id.* at 562. Allstate argues that the *Exxon* Court indicated that the exercise of supplemental jurisdiction should not be

permitted between nondiverse parties. Likewise, Allstate cites to the Second Circuit's decision, *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 179 (2d Cir. 2007), for the proposition that Article III does not permit the exercise of supplemental jurisdiction between nondiverse parties. (4:14-CV-1759 RLW, ECF No. 45-1, at ¶3).

In response, Regent Insurance Company and General Casualty Insurance Company (collectively, "Regent") assert that "a federal court's jurisdiction attaches when an action is filed, and subsequent developments ordinarily will not divest the court of jurisdiction." *Harbison v. Rich Gullet & Sons, Inc.*, No. 4:13-CV-1138 SPM, 2014 WL 5483569, at *2 (E.D. Mo. Oct. 29, 2014). In a similar case, the district court concluded that the third-party claim against the nondiverse party was part of the same case or controversy as the plaintiff's original claim. Thus, the district court concluded that it had supplemental jurisdiction over the claim unless the exception of 28 U.S.C. §1367(b) applies. *Harbison*, 2014 WL 5483569, at *5. The *Harbison* court held that "§ 1367(b) applies by its terms only to 'claims by plaintiffs,' and courts have repeatedly held that it does not apply to claims made by defendants." *Harbison*, 2014 WL 5483569, at *5 (citing cases). Regent asserts that the Third Party Plaintiffs' claim against Allstate is a third-party claim, rather than a direct claim, and Allstate is not considered a "plaintiff" for purposes of Section 1367's limitation of supplemental jurisdiction. (ECF No. 54 at 6-7).

Further, Regent maintains that Allstate's reliance on *Exxon Mobil Corp. v. Allapattah Servs., Inc.* is misplaced. (ECF No. 54 at 7). Regent suggests that the *Exxon* Court's dictum can only be read to suggest that "when considering whether under Section 1367(b) the exercise of supplemental jurisdiction would be inconsistent with the requirements of 1332, the existence of nondiverse parties is more problematic than the lack of the amount-in-controversy." (ECF No. 54 at 7). Regent notes that *Exxon* involved a class of plaintiffs, some of which did not meet the

amount-in-controversy requirement, who made a direct claim against the defendant. (ECF No. 54 at 7-8) Therefore, Regent maintains that *Exxon* provides no precedential value to this case, which involves whether third-party plaintiffs qualify as "plaintiffs" under Section 1367(b) such that analysis under of the requirements of Section 1332 is even necessary. (ECF No. 54 at 8). Likewise, Regent claims that the decision in *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 179 (2d Cir. 2007) is also inapplicable because that case involved the exercise of supplement al jurisdiction over a direct claim, not a third-party claim. (ECF No. 54 at 8).

The Court holds that a third-party plaintiff does not fall under Section 1367(b) because a third-party plaintiff is not the type of "plaintiff" contemplated by the statute. *See Harbison*, 2014 WL 5483569, at *5 (citing *Ubben v. Saunder Woodworking Co.*, No. C05–3043–PAZ, 2006 WL 1285104, at *2 (N.D. Iowa May 10, 2006) (holding that the defendant's third-party claim against a party not diverse to the original plaintiff did not destroy diversity jurisdiction; noting that "section 1367(b) is designed to prevent *plaintiffs* from asserting claims they otherwise would not be able to bring for want of subject matter jurisdiction"); *State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 580 (5th Cir.2004) (holding that the court had jurisdiction over a defendant's claims against a third-party defendant not diverse to the original defendant; stating, "'plaintiff' in § 1367(b) refers to the original plaintiff in the action-not to a defendant that happens also to be a counter-plaintiff, cross-plaintiff, or third-party-plaintiff"); *Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 572 (6th Cir. 2004) ("The supplemental jurisdiction provision, 28 U.S.C. § 1367(b), states congressional intent to prevent original plaintiffs—but not defendants or third parties—from circumventing the requirements of diversity.")). Under the Complaint filed by the original Plaintiffs to the action, jurisdiction is proper in this Court. The Court finds that the Supreme

Court's decision in *Exxon* does not affect this analysis because that case addressed only direct claims, not third-party claims.

Finally, the Court denies the parties' request to stay proceedings. A stay of the underlying lawsuit is not warranted because the Court's determination of the insurers' duty to defend is not dependent on the facts of the underlying lawsuit.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Allstate Insurance Company's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, In the Alternative, to Stay (ECF No. 4:14-CV-1759 RLW, ECF No. 45-1; No. 4:15CV236 RLW, ECF No. 83) is **DENIED**.

Dated this 19th day of September, 2016.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**